UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUILLERMO NEGRON, SR., | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 3:06-CV-1514 |
| | : | |
| v. | : | (JUDGE CONABOY) |
| | : | |
| JONATHAN MINER, Warden, and | : | |
| ATTORNEY GENERAL ALBERTO | : | |
| GONZALEZ, | : | |
| | : | |
| Respondents. | : | |

---

### MEMORANDUM

Guillermo Negron, Sr., ("Petitioner"), an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), initiated this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Named as Respondents are USP-Allenwood Warden Jonathan Miner and Attorney General Alberto Gonzalez ("Respondents"). Also pending are Petitioner's Motion to Amend Original Pleading Pursuant to Federal Rule of Civil Procedure Rule 15(a), (Doc. 4), and his Application to Proceed In Forma Pauperis, (Doc. 5).

For the reasons discussed below, we grant Petitioner's request for leave to proceed *in forma pauperis* ("IFP"), (Doc. 5), for the sole purpose of the filing of this action. We also grant Petitioner's Motion to Amend, (Doc. 4), and consider his Petition as amended. We dismiss Petitioner's § 2241 petition because it is not the proper vehicle to raise the claims made therein.

1

## I. Background

Following a jury trial in the United States District Court for the Southern District of New York, Petitioner was convicted of conspiracy to distribute heroin and the distribution of heroin.  On May 9, 1999, he was sentenced to life imprisonment.

Petitioner's conviction and sentence were affirmed on direct appeal to the United States Court of Appeals for the Second Circuit.  Petitioner also admits that he unsuccessfully collaterally challenged his conviction with a motion pursuant to 28 U.S.C. § 2255 filed in the United States District Court for the Southern District of New York.

In his present action, Petitioner asserts that he is illegally confined because the

> May 20, 1999, Judgment and Commitment Order is void.  The Judgment is invalid due to the fact that it failed to cite the statutory authority under Title 21 USC § 841(a)(1), (b)(1) (A)(ii) nor specific quantity of (30) kilograms of heroin, nor § 851(a)(1),(2), (c)(2) Career Offender Status, and Title 18 USC § 3559(a)(1)(A) Class A Felony, nor Sentencing Guidelines § 3D1.2(d), § 2d1.1, § 2D1.1((c)(1), § 3B1.1(b) statutes and subsections that invoke the courts [sic] power to enter judgment.

(Doc. 4 at 1-2.)  Petitioner also makes an argument based on the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 961 (2004).  (*Id.*)

Although not articulated in his filings, Petitioner is also presumably arguing that his present action filed pursuant to § 2241

should be entertained because his § 2255 remedy is inadequate or ineffective to test the legality of his detention.  As relief, Petitioner seeks his immediate release from confinement.  (Doc. 1 at 4.)

## II. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See*, *e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970).  *Accord Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991).

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  *United States v. Addonizio*, 442 U.S.

3

178, 179 (1979).  Section 2255 provides, in part:

> An application for a writ of habeas corpus in
> behalf of a prisoner who is authorized to
> apply for relief by motion pursuant to this
> section, shall not be entertained if it
> appears that the applicant has failed to
> apply for relief, by motion, to the court
> which sentenced him, or that such court has
> denied him relief, unless it also appears
> that the *remedy by motion is inadequate or
> ineffective* to test the legality of his
> detention.

28 U.S.C. § 2255 (emphasis added); *Davis v. United States*, 417 U.S.

333, 343 (1974); *Hill v. United States*, 368 U.S. 424, 427 (1962);

*In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997); *In re Vial*, 115

F.3d 1192, 1194 (4th Cir 1997); *Application of Galante*, 437, F.2d

1164, 1165 (3rd Cir. 1971).  In his instant action, Petitioner is

clearly challenging the legality of his federal criminal sentence

which occurred in the Southern District of New York.

In ruling on the issue of inadequate or ineffective, the

appellate courts have instructed that a collateral relief motion is

inadequate or ineffective only where it is established that some

limitation of scope or procedure would prevent the collateral

remedy from affording the prisoner a full hearing and adjudication

of his claim of wrongful detention.  *See Galante*, 437 F.2d at 1165

(3d Cir. 1971)(quoting *United States ex rel. Leguillou v. Davis*,

212 F. 2d 681, 684 (3d Cir. 1954)).  It has also been established

that the burden is on the habeas petitioner to allege or

demonstrate inadequacy or ineffectiveness.  *See id.; Cagle v.*

4

*Ciccone*, 368 F.2d 183, 184 (8th Cir 1966).

Furthermore, prior unsuccessful collateral relief motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F. 2d 395, 396 (3d Cir. 1966)(per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). The United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 462 F.2d 1194, 1195 (3d Cir.) (per curiam), *cert. denied*, 409 U.S. 1046 (1972).

*Triestman v. United States*, 124 F.3d 361 (2nd Cir. 1997), and *Dorsainvil* also addressed what circumstances make a collateral relief remedy inadequate or ineffective. The legislative limitations  placed on collateral relief proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *United States v. Brooks*, 230 F.3d 643, 647 (3rd Cir. 2000); *Dorsainvil*, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a

conviction." *Kennemore v. True*, Civil No. 98-1175, slip op. at 6.
(M.D. Pa. July 28, 1998) (Conaboy, J.).

   Both the *Triestman* and *Dorsainvil* courts held that a § 2255
motion was only inadequate or ineffective (thus allowing a
petitioner to bring a § 2241 habeas corpus action) where the
denial of a habeas action would raise serious constitutional
issues.  *Triestman*, 124 F.3d at 377; *Dorsainvil*,119 F.3d at 249.
The serious constitutional issue was that a change in substantive
law rendered the conduct for which petitioner was convicted no
longer criminal.  *Triestman*, 124 F.3d at 366; *Dorsainvil*, 119
F.3d at 251.  Thus, these cases set a high bar for what a court
will consider a serious constitutional issue sufficient to allow
a petitioner to bring a § 2241 petition to challenge a conviction
or sentence.

   Petitioner's present arguments do not fall within the narrow
exception created by *Dorsainvil* and *Triestman*.  Specifically,
Petitioner does not allege that his claims are based on any newly
discovered evidence.  Likewise, he makes no contention that his
claims are being raised pursuant to any new intervening
substantive rule of criminal law which can apply retroactively to
cases on collateral review.

   Unlike *Dorsainvil*, Petitioner's claims are also not premised
on any intervening change in substantive law that would negate
the criminal nature of his conduct with respect to his federal

conviction.  Fundamental to *Dorsainvil* was the fact that the petitioner may actually be innocent of the crime charged.  In this case, Petitioner's claims appear to be based primarily on sentencing related issues.  (Doc. 4.)  His claims for relief pending before this Court have nothing to do with the actual question of Petitioner's guilt.  Furthermore, Petitioner has not presented any facts to show that the denial of his habeas action would raise serious constitutional issues.

Because Petitioner has not established that his remedy under § 2255 is inadequate or ineffective under the standards announced in *Dorsainvil* and *Triestman*, his petition for writ of habeas corpus will be dismissed without prejudice.  Petitioner, if he so chooses, may reassert his present claims through an application seeking leave to file a successive § 2255 motion.

### III. Conclusion

For the reasons discussed above, Petitioner's 28 U.S.C. § 2241 Petition is dismissed without prejudice.  His Motion to Amend Original Pleading, (Doc. 4), is granted, and his Application to Proceed IFP, (Doc. 5), is granted for the sole purpose of the filing this action.  An appropriate Order follows.

S/Richard P. Conaboy

RICHARD P. CONABOY
United States District Judge

DATED: October 17, 2006

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GUILLERMO NEGRON, SR.,          :
                                :
          Petitioner,           :CIVIL ACTION NO. 3:06-CV-1514
                                :
     v.                         :(JUDGE CONABOY)
                                :
JONATHAN MINER, Warden, and     :
ATTORNEY GENERAL ALBERTO        :
GONZALEZ,                       :
                                :
          Respondents.          :
_____

### ORDER

AND NOW, THIS 17th DAY OF OCTOBER 2006, FOR THE REASONS SET OUT IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1.   Petitioner's 28 U.S.C. § 2241 Petition is DISMISSED WITHOUT PREJUDICE;

2.   Petitioner's Application to Proceed In Forma Pauperis, (Doc. 5), is GRANTED for the sole purpose of the filing of this action;

3.   Petitioner's Motion to Amend Original Pleading, (Doc. 4), is GRANTED;

4.   There is no basis for the issuance of a Certificate of Appealability;

5.   The Clerk of Court is directed to close this case.

                         S/Richard P. Conaboy
                         RICHARD P. CONABOY
                         United States District Judge